MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erin Sullivan, | No. CV 11-1427-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix, et al., | |
| Defendants. | |

## I. Procedural History

On March 18, 2011, Plaintiff Erin Sullivan, who is represented by attorney Keith M. Knowlton, filed a Complaint in the Superior Court of Maricopa County, Arizona, against Defendants City of Phoenix, City of Glendale, K-9 Officer Bryan Welsh, Sergeant Dave Kulaga, Officer Kevin Garrett, Detective Matthew Lowe, and a variety of fictitiously named defendants. On July 18, 2011, the named Defendants, who are represented by attorneys Lori V. Berke, Jody C. Corbett, and Christina A. Parry,[1] filed a Notice of Removal (Doc. 1).

## II. Removal

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28 U.S.C.

---

[1] Attorneys Berke and Corbett represent Defendants City of Phoenix and Welsh; attorney Parry represents Defendants City of Gendale, Kulaga, Garrett, and Lowe.

§ 1441(a). In his March 18, 2011 Complaint, Plaintiff raises, among other things, claims for violations of his constitutional rights under 42 U.S.C. § 1983. This Court's jurisdiction extends to such claims. 28 U.S.C. §§ 1331, 1343(a). Removal, therefore, is appropriate.

**III.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**IV.   Complaint**

In his Complaint, Plaintiff alleges that he was fleeing from law enforcement officials, but stopped when he realized that he could not escape. Plaintiff asserts that got on his knees, with his hands behind his head, in front of a trailer; that Defendants Welsh, Kulaga, and Garrett had their guns pointed at him; and that he was complying with the officers' instructions to move slowly backward from the trailer. He claims that Defendant Welsh nevertheless released the canine officer, who bit Plaintiff several times, and that Defendant Welsh sprayed pepper spray in Plaintiff's face after Defendant Welsh "called the dog off."

Plaintiff alleges that he was treated for his canine injuries at the hospital and then was taken to the Glendale City Jail, where Defendant Lowe interviewed him for more than two hours. Plaintiff contends that he informed Defendant Lowe that he had not taken his insulin that day and offered to provide information to Defendant Lowe in exchange for being permitted to contact his mother so she could bring his insulin to him. Plaintiff asserts that Defendant Lowe did not take any action to determine Plaintiff's medical condition before the interrogation or to ensure Plaintiff was healthy enough for the interrogation, and did not seek medical care for Plaintiff during the interrogation. Plaintiff alleges that the Glendale Police Department has a pattern or practice of conducting lengthy interviews without first immediately providing medical care and treatment to inmates who request it. Plaintiff claims

that after the interrogation, he had a diabetic seizure almost immediately after he was returned to his jail cell.

In Count One, Plaintiff alleges that Defendants, other than Defendant Lowe, were negligent or grossly negligent in their use of force to take Plaintiff into custody. Plaintiff claims that Defendant Lowe breached his duty to provide medical care to Plaintiff after learning that Plaintiff was diabetic, that his insulin levels were low, and that he needed insulin. Plaintiff contends that Defendants City of Phoenix and City of Glendale were negligent or grossly negligent in their hiring, training, and supervision of Defendants Welsh, Kulaga, Garrett, and Lowe. In Count Two, Plaintiff alleges that Defendants, other than Defendant Lowe, intentionally used excessive force against Plaintiff and that the force that was used was not reasonable or justified under the circumstances.

In Count Three, Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated when Defendants Welsh, Kulaga, and Garrett used excessive force and when Defendant Lowe acted with deliberate indifference, ignored Plaintiff's medical condition, and failed to provide timely medical care. Plaintiff also asserts that Defendants City of Phoenix and City of Glendale maintain policies, practices, procedures, and customs that are deliberately indifferent and have failed to properly train their law enforcement officers.

In his Request for Relief, Plaintiff seeks monetary damages and his attorney's fees and costs.

The Court will require Defendants City of Phoenix, City of Glendale, Welsh, Kulaga, Garrett, and Lowe to answer the Complaint. Although the Court will not require the fictitiously named Defendants to answer the Complaint at this time, the Court will not dismiss the claims against them. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds). If Plaintiff later discovers the identity of the fictitiously named

1  Defendants, Plaintiff can amend or seek to amend his Complaint in compliance with Rule 15
2  of the Federal Rules of Civil Procedure

**IT IS ORDERED:**

(1) Defendants City of Phoenix, City of Glendale, Welsh, Kulaga, Garrett, and Lowe must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(2) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(3) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 25th day of July, 2011.

_____
David G. Campbell
United States District Judge