**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erin Sullivan, | No. CV11-01427-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendant. | |

Plaintiff Erin Sullivan brought this action against the City of Phoenix, the City of Glendale, and various police officers. Doc. 1. The matter was referred to Magistrate Judge David K. Duncan pursuant to Local Rules of Civil Procedure 72.1 and 72.2. *See* Doc. 5. Before the Court is Magistrate Judge Duncan's Report and Recommendation ("R&R") addressing the Amended Motion for Summary Judgment filed by the City of Phoenix and Officer Bryan Welsh. Doc. 40, addressing Doc. 19. These Defendants contend that all of Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. 19. The R&R recommends granting the Amended Motion in part and denying it in part. Doc. 40. The Court will accept and adopt the R&R in part.

**I.     Standard of Review.**

The district judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The district judge must make a de novo determination as to any portion of the report and recommendation that is properly objected to by the parties. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 149-50 (1985). If no objections are filed, the district court is not obligated to review the report and recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

**II.    Report and Recommendation.**

Plaintiff's action stems from his arrest, which occurred after a police search involving the assistance of a K-9 and air unit from the Phoenix Police Department. Doc. 40, at 1. Plaintiff alleges that Officer Welsh released the K-9 after Plaintiff complied with instructions to "freeze" and that the K-9 bit him 3-4 times. *Id.* at 2. Plaintiff states that in response, he hit and bit the dog on the nose, and then Officer Welsh sprayed "OC" pepper spray on Plaintiff. *Id.* Plaintiff's claims include a negligence/gross negligence claim against Officer Welsh for using or allowing others to use excessive force to arrest him, and a negligence claim against the City in hiring, training, and/or supervising Welsh (Count I); a claim that Officer Welsh used unreasonable force (Count II); and a Fourth Amendment excessive force claim under § 1983 (Count III).

Plaintiff pled guilty to cruelty to animals pursuant to A.R.S. § 13-2910 and was sentenced to one year in prison. Under A.R.S. § 13-2910(A)(10), "[a] person commits cruelty to animals if the person . . . [i]ntentionally or knowingly interferes with, kills or harms a working or service animal without either legal privilege or consent of the owner." Defendants' Amended Motion for Summary Judgment argues that in light of his plea and sentence, Plaintiff's claims are barred by *Heck*. "*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (quoting *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)). The relevant question is whether success in a subsequent § 1983 suit would "necessarily imply" or "demonstrate" the invalidity of the earlier conviction or sentence. *Id.*

The R&R correctly concludes that *Heck* bars both the § 1983 and state law

excessive force claims related to Officer Welsh's release of the K-9. Doc. 40 at 4. Arizona courts have not directly addressed the application of *Heck* to state tort claims, but in *Glaze v. Larsen* the Arizona Supreme Court cited *Heck* in holding that a criminal defendant could bring a legal malpractice claim against his defense attorney only if he first shows that his conviction has somehow terminated in his favor. *Glaze v. Larsen*, 83 P.3d 26, 33 (Ariz. 2004) ("The requirement that the conviction be set aside arises from our respect for the finality of the judgment in the criminal case."). The reasoning in *Glaze* suggests that Arizona courts would apply *Heck* to bar Plaintiff's state law claims in the same way that his § 1983 claim is barred.

The R&R concludes, however, that summary judgment is not appropriate as to the state law claims against Officer Welsh and the City of Phoenix for simple negligence. Doc. 40, at 5-6. But if a claim for excessive force based on use of the K-9 is inconsistent with Plaintiff's prior plea and sentence, a claim for negligence/gross negligence based on use of the K-9 would likewise conflict with Plaintiff's prior plea and sentence. The Court therefore finds that summary judgment is appropriate as to the state law claims for negligence and gross negligence related to the K-9.

The R&R also correctly concludes that *Heck* applies to bar Plaintiff's claims against the City of Phoenix for negligent hiring, training, and/or supervision for those claims related to use of the K-9. Doc. 40, at 4-5. *See Kuehn v. Stanley*, 91 P.3d 346, 352 (Ariz. App. 2004) ("If the theory of the employee's underlying tort fails, an employer cannot be negligent as a matter of law for hiring or retaining the employee."); *Mulhern v. City of Scottsdale*, 799 P.2d 15, 18 (Ariz. App. 1990) ("In order for the employer to be held liable for negligent hiring, retention, or supervision, the employee must have committed a tort.").

The R&R determines that *Heck* does not bar the excessive force claim related to Officer Welsh's use of the pepper spray because there exists a question of fact as to whether Officer Welsh administered the spray after the K-9 had been called off or while the K-9 was still engaged. *Id.* at 5. The Court applies this correct reasoning to each of

Plaintiff's claims, and concludes that summary judgment is inappropriate on the claims as they relate to Officer Welsh's use of the pepper spray.

**III.   Review and Conclusion.**

The parties were instructed of the time in which to file written objections. Doc. 40.  See 28 U.S.C. § 636(b).  Neither party has filed an objection.  The Court has reviewed the R&R and will adopt it as set forth above. *See Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).

**IT IS ORDERED:**

1. The Report and Recommendation of Magistrate Judge Duncan (Doc. 40) is **accepted and adopted in part**.

2. The City of Phoenix and Bryan Welsh's Amended Motion for Summary Judgment (Doc. 19) is **granted in part and denied in part** as follows:

   a) the motion is **granted** as to the federal and state claims against the City of Phoenix and Officer Welsh that relate to the use of the K-9;

   b) the motion is **denied** as to the federal and state claims against the City of Phoenix and Officer Welch that relate to use of pepper spray.

3. Case management deadlines are as set forth in the Judge Duncan's May 25, 2012 Order.  Doc. 40.

Dated this 18th day of June, 2012.

David G. Campbell
United States District Judge